## No. 762.

### JULIUS LISSO VS. THE PARISH OF RED RIVER.

Where an act of the Legislature authorizes a parish to issue its bonds for a certain purpose, in such form and denomination as the police jury of the parish may prescribe, the police jury must specifically authorize the issue of such bonds, and in default of this action of the police jury, all bonds issued under color of said legislative act are invalid.

Political corporations are not bound by the unauthorized acts of their agents, when the mandates of the latter are of record, or embodied in a statute.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Chaplin*, J.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues upon four bonds with their coupons, a copy of one of which is as follows :

$500 00.   No. Three.

STATE OF LOUISIANA, PARISH OF RED RIVER.

Parish bond for the purpose of paying for the building of a court-house, and for other purposes.

It is hereby certified that the parish of Red River is indebted unto bearer in the sum of five hundred dollars, which sum the said parish agrees to pay in current money of the United States, at the office of the parish treasurer, to the said bearer in one year from the date hereof,

with interest at the rate of eight per cent per annum, payable semi-annually on the first day of November and May in each year, on the delivery of the interest coupons attached at the office of the parish treasurer.

For the performance of which the faith and credit of the parish of Red River is pledged by Act of the General Assembly, approved March 4, 1872. Witness the signatures of the president of the Police Jury and the treasurer of the parish of Red River, May 1st, 1872.

[Seal]                              M. H. TWITCHELL,
                                                    President of the Police Jury.

JULIUS LISSO, Treasurer.

On the reverse of the bond is printed an act of the Legislature, under authority of which it purports to have been issued.

The defendant excepted to the suit on four grounds, the second and third of which were ordered to be taken as part of the answer, and a separate answer was made, denying the authority of the president of the police jury to issue the bonds, or that they were in existence at the time of the pretended sale of them. The grounds of exception thus referred to are—

"Second—Because the bonds were not issued by authority of said police jury as provided for and contemplated in said statute.

"Third—Because no public ordinance, as required by law, was passed by said police jury, authorizing the issue of said bonds; nor was any ordinance passed determining and ascertaining the rate of taxation necessary to raise the fund to pay said bonds and the interest thereon as required by said statute."

The second section of the act of March 4, 1872, reads thus:

"That the bonds shall not exceed in amount the sum of twenty thousand dollars, or so much thereof as may be necessary, and shall be of such denomination and form as the police jury may prescribe. They may be sold under the direction and control of the police jury on the most advantageous terms."

The act contemplates some action on the part of the police jury ordaining that the bonds shall be issued, fixing the denomination and quantity of them (limited by the maximum total mentioned in the act), and also prescribing their form. The jury never passed any ordinance of that kind. The act of the Legislature conferred upon the police jury the power to do these things, but that body never exercised it. The only ordinance that was passed relative to the matter was one providing for the advertisement and sale of the bonds, as follows:

"Be it enacted by the police jury of Red River parish that the president be and is hereby authorized to cause to be advertised, sold, and delivered according to law, as the interests of the parish may require, the bonds of the parish authorized by act No. 13 of the session of 1872."

The minutes of the jury show this ordinance received its sanction May 20, 1872.

The bonds, for the sale of which provision is thus made, had no existence, since no act had been done by the jury to call them into being. This ordinance was an ante-natal destination of them to sale and delivery. Certain papers, having the form of bonds, had been signed by the president of the police jury, and by the parish treasurer, who is plaintiff here in his personal capacity, but they neglected to obtain the sanction of that body, or to have it prescribe what the Legislature had empowered it to do. These papers are not the bonds of the parish. No valid bonds could be issued without the authority of the Legislature. That authority having been given, none could be valid unless issued in conformity to the directions of the legislative act.

Police juries are political corporations, whose powers are especially defined, and they can not exercise any others than those delegated to them.

"It is a general and fundamental principle of law that all persons contracting with a municipal corporation must, at their peril, inquire into the power of its officers to make the contract; and a contract beyond the scope of the corporate power is void, although it be under the seal of the corporation. So, also, those dealing with the agent of the corporation are likewise bound to ascertain the nature and extent of his authority. This is certainly so in all cases where the authority is special and of record, or conferred by statute." Dillon's Municipal Corporations, vol. 1, sec. 372.

"The general principle of law is settled beyond controversy, that the agents, officers, or even city council of a municipal corporation can not bind the corporation by any contract which is beyond the scope of its powers, or is entirely foreign to the purposes of the corporation.  *  * The duties and powers of the officers or public agents of the corporation are prescribed by statute or charter, which all persons not only may know, but are bound to know.  *  *  * It results that unauthorized contracts are void, and in actions thereon the corporation may successfully interpose the plea of *ultra vires*, setting up as a defense its own want of power under the charter, or constitutional statute, to enter into the contract." Dillon's Corp. sec. 381.

The plea here is that the bonds now held by the plaintiff were unauthorized by the corporation ; that they were not issued pursuant to any ordinance passed by it, and that the police jury had never adopted any ordinance directing that a court-house should be built, and providing for the issuance of bonds to pay for the building thereof, and this plea is supported by the proof.

Judgment affirmed.